**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| HANNAH SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.   4:20-cv-00089 |
| ) | |
| JOYELL COMPTON and ) | |
| TRIO TRUCKING, INC., ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

Defendants, Joyell Compton, and Trio Trucking, Inc. ("Trio Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, hereby give notice of removal of this action from the Superior Court of Tippecanoe County, Indiana, to the United States District Court for the Northern District of Indiana, Lafayette Division, and in support thereof state the following:

**Background**

1. On October 9, 2020, Plaintiff filed a Complaint for Damages in the Superior Court of Tippecanoe County, Indiana, under Cause No. 79D01-2010-CT-000196. (*See* Plaintiff's Complaint.)

2. Plaintiff's Complaint for Damages alleges that on November 26, 2018, Plaintiff was involved in a commercial motor vehicle accident with Defendants in Tippecanoe County, Indiana, and that Plaintiff sustained personal injuries as a result of the accident. (*See* Complaint for Damages, ¶¶ 1-6.)  On November 18, 2020, the parties filed a joint stipulation of dismissal without prejudice, pursuant to Indiana Trial Rule 41(A), removing co-defendants Trans-State

Express, Inc., Penske Truck Leasing Corp., and Penske Truck Leasing Co., L.P. from this case, and leaving only Plaintiff and Trio Defendants as parties. (See Joint Stipulation, pg. 1-2.)

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(b)(1) and 1441(a), because the United States District Court for the Northern District of Indiana, Lafayette Division, is the federal judicial district and division embracing the Superior Court of Tippecanoe County, Indiana, where this action is pending.

4. By filing this Notice of Removal, Defendants do not waive their rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendants reserve the right to assert any defenses and objections to which they may be entitled.

5. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. §§ 1441 and 1446, as set forth below.

## Removal is Timely

6. 28 U.S.C. § 1446(b) provides the following time limitation on removal of civil actions:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(emphasis added).

7. Defendant Trio Trucking, Inc. received service of the initial pleading on October 20, 2020. Defendant Joyell Compton received service of the initial pleading on October 20, 2020.

8. Because Trio Defendants are filing this Notice on November 19, 2020, within thirty (30) days after Defendants received a copy of the Complaint, removal is timely.

## Complete Diversity of Citizenship Exists Among the Parties

9. Plaintiff Hannah Smith is a citizen of the State of Indiana.

10. Defendant Joyell Compton is a citizen of the State of Ohio.

11. Defendant Trio Trucking, Inc. is a citizen of the State of Ohio, as it is incorporated under the laws of the State of Ohio and maintains its principal place of business in Ohio.

12. The controversy in this action is therefore entirely between citizens of different states of the United States, and Defendants desire to remove said cause from the Superior Court of Tippecanoe County, Indiana, to the United States District Court for Northern District of Indiana pursuant to 28 U.S.C. 1332(a)(1) and 1441(a).

## The Amount In Controversy Requirement is Satisfied

13. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. The defendant invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Where, as here, the Complaint does not specify the amount in controversy, the removing defendant must show "a reasonable probability" that the jurisdictional minimum has been met. *Malinowski v. Walgreen Co.*, NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

14. Here, the Complaint alleges Plaintiff was traveling northbound on I-65 when her vehicle was struck violently in the rear by a commercial truck unit being operated by Defendant Joyell Compton. Plaintiff claims she suffered severe and permanent injuries to her left shoulder, lumbar spine, and cervical spine as a result of the accident. (Complaint, ¶ 6.) Plaintiff also claims lost wages and asserts she has incurred and will continue to become liable for large sums of money for the care and treatment of her injuries. (*Id*.) Accordingly, Defendants hold a good faith belief that Plaintiff is seeking greater than $75,000 in damages in this case.

15. Further, in a telephone communication with Plaintiff's counsel on or about October 23, 2020, Plaintiff's counsel confirmed with counsel for Trio Defendants that the amount in controversy exceeded $75,000 exclusive of interest and costs.

16. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Trio Defendants.

## **Removal is Appropriate**

17. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Defendants attach as Exhibit "A" all pleadings, motions, orders, and all other filings filed in the state court, in compliance with 28 U.S.C. §§ 1446(a).

19. Attached hereto as Exhibit "B" is a copy of Plaintiff's Complaint.

20. This Notice of Removal is being served upon Plaintiff and contemporaneously filed with the Clerk of Superior Court of Tippecanoe County, Indiana pursuant to 28 U.S.C. § 1446(d).

21. The filing fee of $400.00 has been paid to the Clerk of the United States District Court at the time of filing this Notice of Removal.

22. A copy of Defendants' Notice to Plaintiff and Clerk of the Tippecanoe County Superior Court of Defendants' Application to Remove Cause to Federal Court is attached hereto as Exhibit "C."

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

*s/ Erin Clancy*
Erin A. Clancy, I.D. No. 21962-49
211 N. Pennsylvania St., Suite 300
Indianapolis, IN  46204
Tel (317) 638-4521
Fax (317) 636-5917
E-mail eclancy@k-glaw.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19TH day of November, 2020, the foregoing was served upon the following via the Court's electronic filing/notification system, as follows:

Peter Polansky
Elizabeth A. Moore
POLANSKY & CICHON, CHTD.
Two Prudential Plaza
180 N. Stetson Avenue, Suite 5701
Chicago, IL 60601
*Attorneys for Plaintiff*

          *s/ Erin Clancy*
          Erin Clancy

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521
eclancy@k-glaw.com

200803\60651115-1